UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMILIO RIGOBERTO US LOPEZ,<br>Petitioner(s),<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondent(s). | CASE NO. C26-2495-KKE<br>ORDER DENYING HABEAS PETITION |

Petitioner is detained at the Northwest Immigration and Customs Enforcement ("ICE") Processing Center and filed a petition seeking a bond hearing or immediate release under 28 U.S.C. § 2241. Dkt. No. 1. The Government[1] acknowledges that under Ninth Circuit precedent, Petitioner is entitled to a bond hearing, but argues that because he has received one, his petition should be denied. Dkt. No. 4. The Court agrees with the Government that Petitioner has received the relief to which he is entitled, and thus will deny the petition.

## I. BACKGROUND

Petitioner is a citizen of Guatemala who entered the United States without inspection some number of years ago. Dkt. No. 1 ¶ 2 (stating Petitioner entered the United States in 2021); Dkt. No 6-1 at 5 (stating Petitioner reported in June 2026 last entering the United States "around 3 years ago"). On June 7, 2026, Petitioner was arrested during a targeted operation carried out by ICE

[1] This order refers to the federal Respondents collectively as "the Government."

agents. Dkt. No. 6-1 at 3. The Government initiated removal proceedings against Petitioner at that time. Dkt. No. 6-4 at 2.

When Petitioner filed this petition on July 15, 2026, he claimed that he had not received a bond hearing. Dkt. No. 1 ¶¶ 7, 36. But Petitioner received a bond hearing on June 29, 2026, and the immigration judge denied bond. Dkt. No. 6-5. The immigration judge's form order states that she lacks jurisdiction to grant bond because Petitioner is subject to mandatory detention, and that in the alternative, she finds that Petitioner is a danger to the community and a flight risk. *Id*. Thus, the Government's return argues that Petitioner has received the relief (a bond hearing) that he would be entitled to under *Rodriguez Vazquez*, and thus asks the Court to deny the petition.

## II. ANALYSIS

"Writs of habeas corpus may be granted by … the district courts … within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025), *aff'd*, __ F.4th __, 2026 WL 2196424 (9th Cir. July 30, 2026). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id*.

In this case, the parties agree that Petitioner is a member of the *Rodriguez Vazquez* Bond Denial Class. Dkt. No. 4 at 1–2, Dkt. No. 7 ¶ 2. As a class member, Petitioner is entitled to a bond hearing, which, again, the Government does not dispute. Dkt. No. 4 at 4. But because Petitioner has already received a bond hearing, the Government argues that the Court cannot provide any further relief on this petition. *Id*. at 9.

The Court agrees. The portion of the petition that requests a bond hearing is moot because Petitioner has, in fact, received a bond hearing. Given that the petition does not acknowledge the existence of the June 29 bond hearing,[2] it does not and cannot challenge the sufficiency of that hearing. There is no more relief available to Petitioner as to this portion of the petition, given that the immigration judge's order included alternative findings that Petitioner is a flight risk and a danger to the community. *See* Dkt. No. 6-5. Although Petitioner's traverse attempts to challenge, for the first time, the sufficiency of the bond hearing, he has not explained why the alternative findings are insufficient to support the custody determination. *See* Dkt. No. 7 ¶¶ 22–23. Moreover, although Petitioner hints that he is entitled to a bond hearing where the Government bears the burden to justify continued detention (*id*. ¶ 23), he is not entitled to this under *Rodriguez Vazquez* and cites no authority requiring this in factually analogous circumstances. *See, e.g.*, *Garcia*

[2] To the contrary, the petition makes numerous affirmative representations that Petitioner had not received a bond hearing. *See, e.g.*, Dkt. No. 1 ¶ 55 ("Petitioner has been detained since June 7, 2026, without notice, without an explanation sufficient to allow meaningful contestation, and without an opportunity to challenge continued custody before a neutral adjudicator."); ¶ 56 ("At no point before or during continued detention have Respondents provided Petitioner a procedural mechanism through which he can contest the basis for continued detention in an adversarial setting before a neutral decisionmaker."). Petitioner does not acknowledge this significant factual misrepresentation in his traverse, instead pivoting to challenge the sufficiency of the bond hearing Petitioner did, in fact, receive. Dkt. No. 7 ¶ 4. Counsel is admonished that full candor with the Court is expected and further misrepresentations of this nature will not be tolerated.

*Salvador v. Mullin*, No. 26-cv-1597-TMC, 2026 WL 1782073 (W.D. Wash. June 22, 2026) (ordering a bond hearing for a *Rodriguez Vazquez* Bond Denial Class member).

The petition also argues, however, that Petitioner's detention without a pre-deprivation hearing violates his right to constitutional due process, but supports this argument with citation to factually distinguishable authority. *See* Dkt. No. 1 ¶¶ 44–52. In the cases cited by Petitioner, a petitioner was detained upon arrival in the United States, released with conditions, and then re-detained without a hearing. *See, e.g.*, *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130 (W.D. Wash. 2025); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321–22 (W.D. Wash. 2025); *Kumar v. Wamsley*, No. 2:25-cv-01772-JHC, 2025 WL 2677089 (W.D. Wash. Sep. 17, 2025). But here, Petitioner was not detained upon arrival and released; he entered the United States without detection. This distinction is crucial because *E.A. T.-B.*'s conclusion that petitioner is entitled to a pre-deprivation hearing relies on the fact that the petitioner was previously found eligible for release (neither dangerous nor a flight risk), and that re-detaining him without a consideration of those factors "poses a significant risk of an erroneous deprivation of Petitioner's liberty interest in continued release." 795 F. Supp. 3d at 1323. Here, the petition cites no authority concluding that a petitioner is entitled to a pre-deprivation hearing under circumstances like his, and the Court is unaware of any.

Accordingly, the Court will deny the current petition because Petitioner has not shown that he is entitled to any relief he has not already received.

## III. CONCLUSION

For the reasons explained in this order, the Court DENIES the habeas petition. Dkt. No. 1.

Dated this 27th day of August, 2026.

Kymberly K. Evanson
United States District Judge